# In the United States Court of Federal Claims

No. 15-999C
(Filed: January 6, 2016)

```
*****************************************
MELQUIADES MENDIOLA, JR.,       *
                                *    Pro Se Plaintiff; RCFC 12(b)(1);
              Plaintiff,        *    Federal Criminal Code; Federal Tort
                                *    Claims Act; 42 U.S.C. § 1983; Sixth
v.                              *    Amendment; Eighth Amendment
                                *
THE UNITED STATES,              *
                                *
              Defendant.        *
*****************************************
```

Melquiades Mendiola, Jr., Rosharon, TX, pro se.

Mollie L. Finnan, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

  On September 9, 2015, plaintiff in the above-captioned case, appearing pro se, filed a complaint alleging assault and battery, torture, theft, and embezzlement. That same day, plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"). On September 30, 2015, plaintiff filed a motion requesting a jury trial, which was subsequently denied by this court on October 1, 2015. On November 6, 2015, defendant filed a motion to dismiss plaintiff's claims pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the court denies plaintiff's IFP application and grants defendant's motion to dismiss.

### I. BACKGROUND

  Plaintiff is a federal inmate housed in Rosharon, Texas. In his complaint, plaintiff claims that he was abused and tortured by agents of the Federal Bureau of Investigation ("FBI") while he was in state prison. Compl. 1. According to plaintiff, these agents were attempting to get him to tell them the location of an audio/video recording of a certain cocaine purchase. Id. Plaintiff also claims that he was beaten by FBI agents while in the hospital. Id. According to plaintiff, he was treated this way because the agents wanted him to "sign time" for a criminal "number" upon which he had never been indicted or arraigned. Id. In addition, plaintiff claims that the agents attempted to coerce his signature in an effort to cover up their embezzlement of monies that properly belonged to him. Id. Finally, plaintiff notes that he filed a civil rights claim, under

42 U.S.C. § 1983, in the United States District Court for the Southern District of Texas but that the claim had been dismissed. Id.

## II. LEGAL STANDARDS

### A. Pro Se Plaintiffs

The United States Court of Federal Claims ("Court of Federal Claims") holds pleadings of a pro se plaintiff to less stringent standards than pleadings filed by litigants represented by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972). Courts have "strained [their] proper role in adversary proceedings to the limit, searching . . . to see if plaintiff has a cause of action somewhere displayed." Ruderer v. United States, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Although a pro se plaintiff's pleadings are held to a less stringent standard, such leniency "with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); see also Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of that jurisdictional requirement and set a different rule for pro se litigants only."); Bernard v. United States, 59 Fed. Cl. 497, 499 (noting that pro se plaintiffs are not excused from satisfying jurisdictional requirements), aff'd, 98 F. App'x 860 (Fed. Cir. 2004). As the Court of Federal Claims stated in Demes v. United States, 52 Fed. Cl. 365 (2002), "[w]hile a court should be receptive to pro se plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." Id. at 369.

### B. Rule 12(b)(1)

Pursuant to Rule 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. When considering such a motion, the court accepts as true all undisputed factual allegations made by the nonmoving party, and draws all reasonable inferences from those facts in the nonmoving party's favor. Westlands Water Dist. v. United States, 109 Fed. Cl. 177, 190 (2013). Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties, or the court sua sponte, may challenge the existence of subject matter jurisdiction at any time. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). The plaintiff bears the burden of proving, by a preponderance of the evidence, that the court possesses subject matter jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The plaintiff cannot rely solely on allegations in the complaint, but must bring forth relevant, adequate proof to establish jurisdiction. See McNutt, 298 U.S. at 189. Ultimately, if the court finds that it lacks subject matter jurisdiction, then it must dismiss the claim. Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### C. The Tucker Act

The ability of the Court of Federal Claims to entertain suits against the United States is limited: "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States not sounding in tort that are founded upon the Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491 (2012). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

### D. Applications to Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances. See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Specifically, the statute provides as follows:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(1)-(2).

## III. DISCUSSION

### A. Defendant's Rule 12(b)(1) Motion

In its Rule 12(b)(1) motion, defendant contends plaintiff's "complaint fails to implicate any money-mandating constitutional provision, Federal statute, Federal regulation, or contract with the Government that would support this Court's jurisdiction" and that instead, "the complaint alleges only tort and criminal claims, which are not within this Court's jurisdiction." Def.'s Mot. 3-4. In response, plaintiff contends that he is not asserting claims of "embezzlement, theft, assault and or battery," because he appreciates that the court lacks jurisdiction over such claims. Pl.'s Opp'n 1. Rather, plaintiff argues that he is seeking "damages for torture and brutally beating by the F.B.I.," and that "[i]t is a claim against a U.S. agency," which plaintiff characterizes as "a constitutional violation tort claim." Id.

Despite plaintiff's attempts to characterize his claims as falling within this court's jurisdiction, they do not. First, to the extent plaintiff seeks relief in this court based on alleged criminal conduct, this court lacks jurisdiction. Simply stated, this "'court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.'" Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) (quoting the decision of the Court of Federal Claims); accord Jones v. United States, 440 F. App'x 916, 918 (Fed. Cir. 2011) (unpublished decision) ("As a threshold matter, the [Court of Federal Claims] correctly stated that it has no jurisdiction over criminal matters generally."). Thus, with respect to plaintiff's claims of assault, battery, torture, theft, and embezzlement, this court lacks jurisdiction. See United States v. Sumrall, 690 F.3d 42, 44 (1st Cir. 2012) (discussing the crimes of assault and battery); McCullough v. United States, 76 Fed. Cl. 1, 4 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir. 2007) (discussing the crime of torture); King v. Nazelrod, 43 F.3d 663, 666 (Fed. Cir. 1994) (discussing the crime of theft); Reid v. United States, 95 Fed. Cl. 243, 249 (2010) (holding, inter alia, that assault and embezzlement are crimes outside of this court's jurisdiction).

Second, to the extent plaintiff seeks relief in this court based on alleged tortious conduct, this court again lacks jurisdiction. See Flowers v. United States, 80 Fed. Cl. 201, 213 (2008) (noting that this "'court lacks jurisdiction if the essence of the claim lies in tort'" (quoting Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998))). The Federal Tort Claims Act ("FTCA") grants the United States district courts exclusive jurisdiction to hear tort claims against the United States and, therefore, the proper forum for federal tort claims is a United States district court. See 28 U.S.C. § 1346(b)(1); see also Brown v. United States, 74 Fed. Cl. 546, 549 (2006) ("[T]he FTCA grants exclusive jurisdiction to the United States federal district courts regarding tort claims against the United States Government."). Thus, with respect to plaintiff's claims of assault and battery in the context of a civil suit, this court lacks jurisdiction. See Burman v. United States, 75 Fed. Cl. 727, 729 (2007) (characterizing plaintiff's claims of assault and battery as torts falling outside of this court's jurisdiction).

Third, to the extent plaintiff has made out a civil rights claim under 42 U.S.C. § 1983, there is no need for this court to transfer his claim since he has already filed such a claim in the United States District Court for the Southern District of Texas, Brownsville Division. See

4

Mendiola v. Cameron Cty. Dist. Att'y's Office, No. 1:13-cv-236 (S.D. Tex.). In that case, all of plaintiff's claims were dismissed and plaintiff has appealed the dismissal to the United States Court of Appeals for the Fifth Circuit. See Mendiola v. Cameron Cty. Dist. Att'y's Office, No. 1:15-cv-40014 (5th Cir.).

Finally, to the extent that plaintiff seeks relief exclusively under the Sixth or Eighth Amendments to the United States Constitution,[1] these claims also fall short. As noted above, although the Tucker Act provides for a waiver of sovereign immunity for claims founded upon the Constitution, the claims must also be based on money-mandating provisions. See 28 U.S.C. § 1491. Since no money-mandating provisions are found in either the Sixth or Eighth Amendments, this court lacks jurisdiction. See Dupre v. United States, 229 Ct. Cl. 706, 706 (1981) (Sixth Amendment); Alston-Bullock v. United States, 122 Fed. Cl. 38, 44 (2015) (Sixth Amendment); Seals-Bey v. United States, 116 Fed. Cl. 120, 122 (2014) (Sixth Amendment); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) (Eighth Amendment); Hardin v. United States, 123 Fed. Cl. 667, 671 (2015) (Eighth Amendment).

### B. Plaintiff's IFP Motion

As noted above, plaintiff filed, concurrent with his complaint, an IFP application.[2] In accordance with the statute, plaintiff submitted an affidavit that 1) listed all of his assets; and 2) averred that he is unable to pay the fees or give the security. Furthermore, although not stated in his affidavit, the nature of plaintiff's action and his belief of entitlement to redress is stated in his complaint. See Compl.; see also Fiebelkorn v. United States, 77 Fed. Cl. 59, 63 (2007) ("Given the lenient standards for pro se plaintiffs . . . the court finds that stating the nature of plaintiff's action in a complaint, filed simultaneously with the Application, fulfills the requirements of the

---

[1] The Sixth Amendment provides as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence [sic].

U.S. Const. amend. VI. The Eighth Amendment provides as follows:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

[2] The application plaintiff submitted, captioned "Application to Proceed In Forma Pauperis," is actually the form employed by the federal district courts in Texas, rather than the form utilized by this court.

statute."); <u>Hayes v. United States</u>, 71 Fed. Cl. 366, 369 (2006) (considering not only the statements in plaintiff's IFP application but also those in his complaint when determining whether he met the requirements of Section 1915(a)(1)). Thus, plaintiff has satisfied the requirements of Section 1915(a)(1).

Plaintiff has not, however, satisfied the requirements of Section 1915(a)(2). Specifically, plaintiff failed to submit a certified copy of his prisoner trust fund account statement for the six months prior to the filing of his complaint. Therefore, the court must deny his IFP application and require payment in full. See <u>Resendez v. United States</u>, 96 Fed. Cl. 283, 286 (2010) (denying prisoner's IFP application for failure to submit a trust fund account statement); <u>see also</u> <u>Johnson v. United States</u>, 79 Fed. Cl. 769, 772 (2008) (denying prisoner's IFP motion for failure to submit an adequate trust fund account statement in that the statement was not certified and did not cover the requisite six-month period).

## IV. CONCLUSION

In sum, the court **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's complaint for lack of jurisdiction pursuant to RCFC 12(b)(1). In addition, the court **DENIES** plaintiff's IFP application; plaintiff shall pay the filing fee in full. The clerk is directed to enter judgment accordingly and shall not award costs.

**IT IS SO ORDERED.**

*/s/ Margaret M. Sweeney*
MARGARET M. SWEENEY
Judge